Manchester Mfg. v. Sears          CV-91-752-SD 10/01/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Manchester Manufacturing
 Acquisitions, Inc., et al

     v.                              Civil No. 91-752-SD

Sears, Roebuck & Co., et al


                        **O R D E R**


     In its order of June 24, 1997 (document 248), the court issued new deadlines for further proceedings in this action.[1]  In response thereto, the parties have filed additional motions and objections.  This order addresses the issues raised by such pleadings.


1.  Plaintiffs' Motion to Amend Complaint, document 251

     In the course of its remand order, the court of appeals pointed out that the New Hampshire Blue Sky Law, Revised Statutes Annotated (RSA) 421-B, specified that third-party liability may be based on the factor, inter alia, of "control."  Dinco, supra, 111 F.3d at 968, 972; RSA 421-B:25, III.  Plaintiff's motion seeks to clarify that plaintiffs claim liability based on this

_____

     [1]The order resulted from a status conference held following the remand order of the court of appeals set forth in Dinco v. Dylex, Ltd., 111 F.3d 964 (1st Cir. 1997).

"control" theory.

Defendants' catalogue of objections includes undue prejudice, introduction of a new and different theory of litigation, the statute of limitations, the creation of a conflict of interest among the defendants, failure to fairly state a claim, and the addition of allegations against Harold Levy, who is no longer a party to this litigation. Document 260.[2]

Pursuant to Rule 15(a), Fed. R. Civ. P.,[3] leave to amend "shall be freely given when justice so requires." Foman v. Davis, 371 U.S. 178, 182 (1962). However, in its assessment of a motion to amend, the court should consider the factors of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously

_____

[2]The jury returned a verdict for Levy, who was a defendant in the first trial.

[3]Rule 15(a), Fed. R. Civ. P., provides in pertinent part,

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. . . .

2

allowed, undue prejudice to the opposing party, and futility of the amendment." Id. 3 MOORE'S FEDERAL PRACTICE § 15.15[1], at 15-42 (3d ed. Matthew Bender 1997). Additionally, the court should consider judicial economy and its ability to manage the case adequately if the amendment is allowed. Id. at 15-42, 43.

Accordingly, while amendment following remand is permitted when consistent with the decision of the appellate court, 3 MOORE'S, supra, § 15.14[4], at 15-40, it is not automatic. Id. § 15.14[1], at 15-26.

In the instant case, the original complaint, filed December 26, 1991, has already been twice amended, on January 6, 1992, and November 17, 1992. However, delay alone does not provide sufficient grounds for the denial of leave to amend. Ricoh Co., Ltd. v. Nashua Corp., 947 F. Supp. 21, 24 (D.N.H. 1996). There must be undue delay combined with prejudice, and prejudice is present when the amendment would deprive the nonmovant of the opportunity to meet the facts or evidence presented by reason of the amendment. Id. at 24-25.

That is not here the case. The defendants have known all along that the Blue Sky Law was one of the bases for plaintiffs' claims. That the parties did not previously focus upon the "control" issue of said statute does not mean that defendants should not have been prepared to defend thereon. And the

3

defendants now have ample opportunity to prepare and present their defenses.[4]

As the court finds that the "control" theory does not present a new and different theory of litigation, but that it arises out of the "conduct, transaction or occurrence" set forth in the original complaint, the claim relates back to such original complaint.  Rule 15(c), Fed. R. Civ. P.;[5] 3 MOORE'S, supra, § 15.19[2], at 15-81 to 84.

The fact that there may arise a possible conflict of interest among the defendants, which in turn may require the entry of new counsel (and possible additional delay) is not, in the court's opinion, a reason for denying the motion to amend. The purpose of the federal rules is the trial of a case on the merits, and the court finds that such possible conflict is insufficient to require denial of the motion to amend.

Nor do the proposed allegations of the amendment falter for failure to state a claim.  The proposed amendments merely flesh out the "control" theory under the Blue Sky Law, and there will be ample time for discovery to determine whether or not this

_____

[4]The newly set discovery deadline is March 1, 1998.

[5]Pursuant to Rule 15(c)(2), an amendment of a pleading relates back to the date of the original pleading when "the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading . . . ."

4

claim can survive any dispositive motions.

While the court will grant the motion to amend in large part, it does concur that, insofar as the proposed allegations concerning Harold Levy may be construed as an attempt to introduce any further action against Mr. Levy, such allegations will be stricken from the amended complaint. Levy was exonerated by the prior jury, and plaintiffs did not appeal this order. They are not now in a position to attempt to reintroduce any claims of any sort against Mr. Levy.

With this last exception, the court herewith overrules defendants' objections and grants the motion to amend the complaint.

## 2. Defendants' Renewed Motion in Limine to Bar Introduction of Deposition Exhibit No. 117 (Trial Exhibit No. 72), document 252

The challenged document is a handwritten memo authored by Susan Mayo, an employee of Sears, Roebuck & Company (Sears)[6] which was directed to another employee of Sears. At the first trial, the court alternatively admitted this memo as either an admission by an agent or servant, Rule 801(d)(2)(D), Fed. R. Evid., or an admission by a co-conspirator, id., 801(d)(2)(E).

---

[6]Sears was originally a defendant in this litigation, but it settled with plaintiffs shortly prior to the first trial.

5

The appellate court cast doubt on admissibility based on either or both of such rules.  Dinco, supra note 1, 111 F.3d at 973.

In their objection to defendants' motion, plaintiffs contend that the evidence supports the prior rulings of the court with respect to both agency and conspiracy.  Document 266.  They also contend that admissibility exists either under the theory of proof of an operative fact or proof of state of mind.  Id.

It would be unhelpful for the court to attempt to rule on this admissibility issue at this stage of the proceedings.  As the court of appeals points out, "[m]any of the [evidentiary] issues may not arise in the same form on retrial or the trial judge may treat them differently."  Id. at 973.  And even if it is found that the documents are not admissible on the grounds adopted by the trial judge at the first trial, they may well be admissible on "state of knowledge."  Id.

Accordingly, the court herewith denies the defendants' motion, without prejudice to the defendants' right to reopen the issue and raise such objections to the admissibility of the document when it is proffered at trial.

3.  Defendants' Motion to Withdraw, on Retrial, from "Stipulation" Embodied in the Court's Ruling on the Plaintiffs' Motion to Amend its Pretrial Statement in the First Trial, document 253

When Sears settled with defendants before the first trial, supra note 6, plaintiffs moved to amend their pretrial statement to alternatively name additional witnesses to authenticate certain Sears documents pursuant to Rule 803(6), Fed. R. Evid., or to obtain a stipulation of authenticity from defendants. Defendants agreed to stipulate that the Sears records were authentic business records pursuant to Rule 901(a), Fed. R. Evid. By medium of replication, plaintiffs agreed to their understanding of the stipulation, i.e., that the Sears records were both the records of a regularly conducted business activity and authentic.  See Plaintiff's Objection, document 264, at 2.

The court approved plaintiffs' version of the stipulation, and no further objection was taken by defendants.  Defendants now contend that, as this was merely a "tactical" decision concerning a "question of law," they should be allowed to withdraw from the previous stipulation.

While stipulations fairly entered into are favored, and withdrawal therefrom disfavored, parties will be allowed to withdraw if adherence to a stipulation may inflict a manifest

7

injustice on one of the parties.  T.I. Fed'l Credit Union v.
Delbonis, 72 F.3d 921, 928 (1st Cir. 1995).  Moreover, relief
from stipulations is especially favored where the stipulation
concerns a legal conclusion.  Id.

In light of the fact that the stipulation at issue concerned
such a question of law, and in consideration of the ample time
existing for plaintiffs to procure the evidence concerning
admissibility of the records at issue, the court herewith grants
the defendants' motion.[7]

## 4.  Defendants' Motion for Reconsideration of Court's Ruling Barring Admission of Plaintiffs' Forbearance Agreement, document 254

Citing a criminal case concerning the Sixth Amendment right
of confrontation,[8] defendants seek the right to introduce the
forbearance agreement entered into between plaintiffs and certain
of their lenders.  The plaintiffs object.  Document 261.

At the outset, the court notes that the right of
confrontation granted by the Sixth Amendment has no application

---

[7]The court rejects plaintiffs' suggestion that defendants should be required to fund the necessary discovery to prove admissibility of the contested records.

[8]United States v. De Soto, 950 F.2d 626, 629 (10th Cir. 1991).

to civil proceedings.  <u>Bennett v. National Transp. Safety Bd.</u>, 66 F.3d 1130, 1137 (10th Cir. 1995); <u>United States v. Property Known as 6109 Grubb Road</u>, 886 F.2d 618, 621 (3d Cir. 1989), <u>reh'g denied</u>, 890 F.2d 659, 660 (3d Cir. 1989); <u>Erbacci, Cerone & Moriarty, Ltd. v. United States</u>, 939 F. Supp. 1045, 1056 (S.D.N.Y. 1996).

What is important, as the court has previously indicated, is whether evidence of the forbearance agreement has a tendency to prove a fact that is of consequence to the determination of this action.  (<u>See</u> Order of Oct. 19, 1995, at 6, 7.)  <u>See</u> 2 MOORE'S, <u>supra</u>, § 401.07, at 401-43, 44.

Here, the "consequential facts" concern (1) the liability, if any, of defendants to plaintiffs and (2) if such liability be proven, the amount of damages to be awarded.  The identity of the parties to whom damages are to be paid is not a "consequential factor."  Accordingly, while defendants will be allowed to examine plaintiffs and witnesses employed by their lenders as to the fact that by terms of an agreement between the lenders and plaintiffs the lenders are to recover a portion of any damages awarded plaintiffs in this litigation, the forbearance agreement will not be admitted into evidence.  The defendants are instructed to refrain from inquiry into the terms of the forbearance agreement and to instruct their witnesses to avoid

9

mention of such agreement or to attempt in any way to bring the forbearance agreement before the jury.

The motion is denied, with the limited exception hereinabove set forth.

5. Defendants' Renewed Motion in Limine to Exclude or Limit the Reports and Testimony of Plaintiffs' Experts in the Second Trial, document 255

The defendants argue that plaintiffs' experts, Mark McKinsey and Alan McCausland, should be barred from testimony or severely limited in the scope of their testimony at the second trial. Plaintiffs object. Document 265.

At the outset, the court is satisfied and finds that each of these experts possesses the necessary qualifications that "will assist the trier of fact to understand the evidence or to determine a fact in issue." Rule 702, Fed. R. Evid. Accordingly, they will be permitted to testify again as experts in the second trial. See United States v. Alzanki, 54 F.3d 1005, 1006 (1st Cir. 1995); Espeagnette v. Gene Tierney Co., 43 F.3d 1, 11 (1st Cir. 1994).

The scope of testimony on retrial is an issue upon which ruling cannot be had until such trial. If, as plaintiffs suggest, the testimony will encompass the same breadth as at the

10

first trial, there is merit to and the court will probably limit such testimony.  See Dinco, supra, 111 F.3d at 973.

The motion is denied as to the exclusion of the testimony of Messrs. McKinsey and McCausland, and it is also denied with respect to the scope of their testimony, without prejudice to the right of defendants to raise their objections to such testimony when the witnesses are proffered at trial.

6.  Defendants' Motion for Reconsideration of Court's Ruling on Plaintiffs' Motion in Limine to Exclude "Privileged Materials", document 256

Prior to the first trial, defendants did not object to plaintiffs' motion in limine (document 127), the subject of which was certain documents, including communications with the Small Business Administration (SBA), an analysis of plaintiffs' case "inadvertently" left in the office of Jack Ketchum, and documents provided to the Northern Community Investment Corporation (NCIC). Defendants now contend that these documents are without the privileges of attorney/client or work product.

Plaintiffs' objection points correctly to the fact that the forbearance agreement previously hereinabove discussed makes SBA and NCIC de facto clients of plaintiffs' counsel.  Document 263. The relationship of plaintiffs' counsel with SBA and NCIC clearly

11

satisfies the agency rules which give rise to the attorney/client relationship.  <u>Fleet Bank-New Hampshire v. Chain Constr. Corp.</u>, 138 N.H. 136, 139, 635 A.2d 1348, 1350 (1993).

The motion is accordingly denied.

<u>7.  Defendants' Motion for Reconsideration of the Court's Ruling, Prior to the First Trial, Barring the Testimony and Reports of Kip Kimble and Stafford Young, document 257</u>

Prior to the first trial, the proposed witnesses, Kip Kimble and Stafford Young, prepared appraisals of the premises owned by Manchester Manufacturing, Inc.  Because defendants failed to designate Kimble and Young as expert witnesses, the court barred their testimony or reports from the first trial.  Defendants now move, having complied with the court's order of designation for the retrial, that these witnesses be allowed to testify.

Defendants apparently seek, however, to have these witnesses testify, not as "experts" and their testimony and exhibits to be admitted for the truth of the matter, but to establish the fact that this information was received by plaintiffs before they made the purchase of Manchester Manufacturing, Inc.  The plaintiffs object.  Document 262.

The court finds and rules that if Messrs. Kimble and Young are to testify at all, they are to testify here as experts

12

subject to the provisions of Rule 702, Fed. R. Evid. Accordingly, the motion will be granted only to the extent that the testimony and/or admissibility of any reports of Messrs. Kimble and Young will be admitted only if they testify as "experts" within the scope of such rule. The scope of their testimony will be, as with the testimony of plaintiffs' experts, determined at trial.

Defendants and their counsel are herewith instructed to refrain from introducing into evidence any expert opinions as to the real estate value of the property at issue as issued by Mr. Kimble or Mr. Young without first obtaining permission of this court outside the presence and hearing of the jury, and counsel and the parties are instructed to warn and caution each and every witness to strictly follow these instructions.

8.  Conclusion

For the reasons hereinabove detailed, the court has granted, with the exception of any attempts to include Harold Levy as a party defendant, plaintiffs' motion to amend (document 251); denied defendants' motion to exclude the Mayo memo (Trial Exhibit 72) without prejudice to defendants' right to renew its objection at the time the document is proffered at trial (document 252); granted defendants' motion to withdraw its agreement to the

stipulation concerning Sears documents (document 253); denied defendants' motion for reconsideration of the court's ruling barring admission of the plaintiffs' forbearance agreement (document 254); denied defendants' motion to exclude or limit the reports and testimony of plaintiffs' experts at the second trial without prejudice to defendants' right to renew their objections as to the scope of testimony at trial (document 255); denied defendants' motion for reconsideration of the ruling on plaintiffs' motion in limine to exclude "privileged matters" (document 256); and granted in part and denied in part defendants' motion for reconsideration of the court's ruling concerning the testimony of the experts Kimble and Young (document 257).

**SO ORDERED.**[9]

_____
Shane Devine, Senior Judge
United States District Court

October 1, 1997
cc:   Randall F. Cooper, Esq.
      John L. Putnam, Esq.
      H. Kenneth Merritt, Esq.
      Paul S. Samson, Esq.

_____

[9]At 2:35 p.m. on September 30, 1997 (a time and date subsequent to the court's dictation of its final draft of this order), the court received an "assented-to" motion for leave for defendants to file reply briefs.  Document 268.  The motion is herewith granted, but the court, having reviewed the filed briefs, finds it unnecessary to change its order.